CRAIG P. FAGAN, State Bar No. 149556
**LAW OFFICES OF CRAIG P. FAGAN**
6320 Raydel Court
San Diego, CA 92120
Telephone: (619) 528-9600
Facsimile:  (619) 528-9675
email: cpfagan@faganlegal.com

Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SANVOVAL, an individual, HEIDI ARELLANO, an individual, C.S.A., a minor by and through his guardian ad litem, REYNA VENCES, <br><br>  Plaintiffs, <br><br> v. <br><br> LAGOON ASSOCIATES, LLC, a California Limited Liability Company; COASTLINE REAL ESTATE ADVISORS, LLC., a California Limited Liability Company, and DOES 1 through 10, Inclusive, <br><br>  Defendants | No. <br><br> **COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

COMPLAINT                                                                                   1

# I.

# INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against defendants for discriminating against families with children in the operation of the apartment complex located at 1010 Lagoon Avenue, Wilimington, CA (hereinafter "the Subject Property" or "the complex") for coercing, intimidating, threatening, or interfering with plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws

# II.

# JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose within the City of Wilmington, County of Los Angeles, California.

\* \* \*

\* \* \*

# III.

# PARTIES

4. Plaintiffs Francisco Sandoval and Heidi Arellano, common law husband and wife, live together with their minor child, C.S.A. Plaintiff C.S.A. is represented herein by his guardian ad litem, Reyna Vences.

5. Defendant Lagoon Associates, LLC., a California Limited Liability Company (hereinafter "Lagoon"), is the owner of the Subject Property, and has its principal place of business in Encino, Los Angeles County, CA.

6. Defendant Coastline Real Estate Advisors, LLC, is a California Limited Liability Company (hereinafter "CREA"), and has acted as the management company for the Subject Property at all times relevant herein, and has its principal place of business located in Manhattan Beach, Los Angeles County, CA. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, CREA was hired Lagoon to act as the property management company for the Subject Property at all times relevant herein. At all times relevant, CREA has employed resident manager, Stephanie Benitez, to perform all functions for CREA in its management of the Subject Property upon behalf of Lagoon. Ms. Benitez is, and at all times herein relevant was, the agent, employee, or representative of defendants; in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his/her actual or apparent authority pursuant to such agency or employment; or the alleged acts or omissions of the resident manager as agent or employee was subsequently ratified and adopted by defendants as principals.

7. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her actual or apparent authority pursuant to

such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV.

## FACTS

8. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against families with children, including Plaintiffs, on account of familial status in the operation of the Subject Property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

9. On or about April 1, 2014, Plaintiffs Francisco Sandoval and Heidi Arellano, common law husband and wife, entered into a contract with CREA and Lagoon to rent an apartment at the Subject Property. On April 1, 2014, Plaintiffs moved into the Complex along with their minor son, C.S.A.

10. At all times since April 1, 2014, Defendants have enforced rules at the complex which prohibit children from playing in the common areas at the Subject Property.

11. On or about April 15, 2015, Plaintiff Heidi Arellano was outside in the common area with her two-year-old son, Plaintiff C.S.A. C.S.A. was riding a small scooter, then playing with a Hot Wheel toy car. Upon seeing this, Ms. Benitez confronted Ms. Arellano, informing her that C.S.A. was not allowed to play outside, then ordered her to take her son back inside. When Ms. Arellano objected, stating that her son was not making noise, Ms. Benitez informed her that her son had to go back inside because those were the rules that her supervisor had laid down, and she was just following them.

12. On or about May 1, 2015, Ms. Arellano's mother, Reyna Vences, was outside

supervising C.S.A. as he played with a hand-held toy in the common area. Upon seeing this, Ms. Benitez informed Ms. Vences that C.S.A. was not allowed to play outside because those were the rules. A few minutes later, Ms. Arellano walked up to her mother and learned what had just happened. Ms. Arellano allowed C.S.A. to continue playing. Upon seeing this, Ms. Benitez confronted Ms. Arellano and said to her, "You need to put your son back inside the house." When Ms. Arellano questioned why her son could not play outside, Ms. Benitez stated, "Those are the rules. The kids can't be outside." When Ms. Arellano further protested, Ms. Benitez threatened to terminate her tenancy if she did not comply with the rules.

13. On or about June 11, 2015, C.S.A. was playing near his front door with a Hot Wheel in the common area, as Ms. Arellano supervised him. Plaintiffs live on the first floor. Ms. Benitez lives on the third floor. Upon seeing C.S.A., Ms. Benitez yelled from the third floor that C.S.A. needed to go back inside. A moment later, Ms. Benitez came down to Plaintiff's unit, informing Ms. Arellano's adult brother (who was standing nearby), "You cannot let the kids outside because those are the rules." Ms. Arellano's brother responded, "Then why do you have a sign that says that kids must be supervised when outside." Ms. Benitez responded, "You guys were not supervising him. I waited five minutes." Ms. Arellano responded, "Yes, we were supervising him." Ms. Arellano then informed Ms. Benitez that it was illegal to force parents to keep their children indoors. To which Ms. Benitez informed Ms. Arellano that her son was not allowed outside. She also informed Ms. Arellano that it was considered "playing" if her son brought a toy outside. Ms. Benitez then threatened to call the police on Ms. Arellano if she let her son play outside.

14. On no fewer than ten other occasions from January 1, 2015 to the present, did Ms. Benitez inform Ms. Arellano that her son was not allowed to play outside. On these other occasions, Ms. Arellano did not voice any objection, but, rather, simply obeyed.

15. At all times since April 1, 2014, Defendants have posted a sign in the common

area near the elevator which states, "Children must have adult supervision."

## V.

## INJURIES

16. By reason of defendants' unlawful acts and practices, plaintiffs have suffered loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, and emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress, including bodily injury such as stomach aches; knots in stomach; head aches; sleep loss; feelings of depression, discouragement, dry throat, rise in body temperature, anger, and nervousness; trouble sleeping; and reliving the experience; and other special and general damages according to proof. Accordingly, plaintiffs are entitled to compensatory damages.

17. In doing the acts of which plaintiffs complain, defendants and their agents and employees intentionally or recklessly violated plaintiffs' civil rights. Accordingly, all plaintiffs are entitled to punitive damages.

18. There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, all plaintiffs are entitled to declaratory relief.

19. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.

## VI.

## FIRST CLAIM

### (Fair Housing Act)

20. Plaintiffs reallege and incorporate by reference paragraphs 1 through 19 of the complaint herein.

21. Defendants have injured plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

   A. Refusing to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of familial status in violation of 42 U.S.C. §3604(a);

   B. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status, including without limitation forbidding children to play at any time in the complex, or in the provision of services or facilities in connection therewith, because of familial status in violation of 42 U.S.C. §3604(b);

   C. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status or disability, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. §3604(c);

   D. Coercing, intimidating, threatening, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

## SECOND CLAIM

**(California Fair Employment and Housing Act)**

22. Plaintiffs reallege and incorporate by reference paragraphs 1 through 21 of the complaint herein.

23. Defendants have injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

    A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status in violation of California Government Code §§12955(a);

    B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status or disability, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

    C. Expressing a preference for or limitation on a renter because of familial status in violation of California Government Code §12955(d);

    D. Harassing, evicting, or otherwise discriminating against any person in the rental of housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

    E. Otherwise making unavailable or denying a dwelling based on discrimination because of familial status, in violation of California Government Code §12955(k); and

    F. Threatening, intimidating, or interfering with persons in their enjoyment of a dwelling because of familial status in violation of California Government Code §12955.7.

## THIRD CLAIM

### (California Unruh Civil Rights Act)

24. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of the complaint herein.

25. Defendants have injured the plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code §51 *et seq.* by discriminating against them and families with children in the operation of the Subject Property, a business establishment, because of familial status.

26. Pursuant to the Unruh Civil Rights Act, plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact, but no less than $4,000.00 for each violation by each defendants.

## FOURTH CLAIM

### (Negligence)

27. Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 of the complaint herein.

28. Defendants owed plaintiffs a duty to operate the Subject Property in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against families with children on account of their familial status. Defendants' violation of that duty was the result of negligence, including, but not limited to:

   A. Defendants' negligent failure to hire persons who were familiar with the

requirements of state and federal fair housing laws;

  B. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

  C. Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws; and

  D. Defendants' negligent failure to follow standard, recognized rental practices of the community;

  E. Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

  F. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

  29. As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

## FIFTH CLAIM
### (Unfair Business Practices)

  30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 of the complaint herein.

  31. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Subject Property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business &

Professions Code §17200 *et seq.*.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for entry of judgment against defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

4. Awards statutory damages to plaintiffs pursuant to the Unruh Civil Rights Act;

5. Awards pre-judgment interest and post-judgment interest as provided for by law;

6. Awards costs of suit herein incurred, including reasonable attorneys' fees; and

7. Awards all such other and further relief as the Court may deem proper.

Dated: June 26, 2015                                          LAW OFFICES OF CRAIG P. FAGAN


                                                              By: /s/Craig P. Fagan
                                                              Craig P. Fagan
                                                              Attorneys for all Plaintiffs

# VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: June 26, 2015                                    LAW OFFICES OF CRAIG P. FAGAN


                                                        By: **/s/Craig P. Fagan**
                                                        Craig P. Fagan
                                                        Attorneys for all Plaintiffs