STEVEN M. GARBER (SBN 156153)
GEOFFREY CRISP (SBN 110921)
STEVEN M. GARBER & ASSOCIATES
A PROFESSIONAL CORPORATION
1901 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067
Phone: (323) 777-8000
Fax: (323) 777-3000

Attorneys for Defendants,
LAGOON ASSOCIATES, LLC; and
COASTLINE REAL ESTATE ADVISORS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SANDOVAL, an individual; HEIDI ARELLANO, an individual; C.S.A., a minor by and through his guardian ad litem, REYNA VENCES,<br><br>        Plaintiffs,<br><br>        vs.<br><br>LAGOON ASSOCIATES, LLC, a California Limited Liability Company; COASTLINE REAL ESTATE ADVISORS, LLC, a California Limited Liability Company, and DOES 1 through 10, Inclusive,<br><br>        Defendants. | Case No.: 2:15-cv-04880-RGK(RAOx)<br><br>**ANSWER TO COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br><br><br>**ACTION FILED:** June 29, 2015 |

Defendants LAGOON ASSOCIATES, LLC ("LAGOON"), and

COASTLINE REAL ESTATE ADVISORS, INC., erroneously sued as

COASTLINE REAL ESTATE ADVISORS, LLC ("COASTLINE") (collectively

"Defendants"), hereby answer the Complaint of Plaintiffs FRANCISCO

SANDOVAL, HEIDI ARELLANO, and C.S.A., a minor by and through his

guardian *ad litem*, REYNA VENCES ("Plaintiffs"), as follows:

/ / /

**INTRODUCTION:**

1.      In response to paragraph 1 of the Complaint, paragraph 1 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 1.

**JURISDICTION AND VENUE:**

2.      In response to paragraph 2 of the Complaint, Defendants admit only that original jurisdiction in the Court appears to be appropriate pursuant to 28 U.S.C. § 1331, and that any supplemental jurisdiction in the Court appears to be appropriate pursuant to 28 U.S.C. § 1367.  Except as expressly stated herein, Defendants deny each and every other allegation contained in paragraph 2.

3.      In response to paragraph 3 of the Complaint, Defendants admit only that venue in this Court appears to be appropriate.  Except as expressly stated herein, Defendants deny each and every other allegation contained in paragraph 3.

**PARTIES:**

4.      In response to paragraph 4 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6.      In response to paragraph 6 of the Complaint, Defendants admit only that COASTLINE REAL ESTATE ADVISORS, INC., a California Corporation, was erroneously sued as COASTLINE REAL ESTATE ADVISORS, LLC, has acted as the management company for the Subject Property, and has its principal place of business located in El Segundo, Los Angeles County, California.  The remaining allegations contained in paragraph 6 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or

deny.  To the extent that any response is deemed necessary, Defendants deny each and every other allegation contained in paragraph 6.

7.    In response to paragraph 7 of the Complaint, paragraph 7 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 7.  In addition, Defendants state that any inclusion of DOE defendants is improper in this action.

**FACTS:**

8.    In response to paragraph 8 of the Complaint, paragraph 8 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 8.

9.    In response to paragraph 9 of the Complaint, Defendants admit only that on or about April 1, 2004, a Lease Agreement was entered into between Plaintiff FRANCISCO SANDOVAL and Defendant COASTLINE for the rental of Unit Number # 103 at the Subject Property.  Except as expressly stated herein, Defendants deny each and every other allegation contained in paragraph 9.

10.    In response to paragraph 10 of the Complaint, paragraph 10 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants admit only that pursuant to the Lease Agreement, Plaintiffs agreed to abide by all reasonable rules and regulations which Landlord may make from time-to-time for the protection, good order, safety and cleanliness of the Premises, and deny each and every other allegation contained in paragraph 10.

11.    In response to paragraph 11 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

12.    In response to paragraph 12 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

13.    In response to paragraph 13 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

14.    In response to paragraph 14 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

15.    In response to paragraph 15 of the Complaint, Defendants admit only that pursuant to the Lease Agreement, Plaintiffs agreed to abide by all reasonable rules and regulations which Landlord may make from time-to-time for the protection, good order, safety and cleanliness of the Premises, and deny each and every other allegation contained in paragraph 15.

**INJURIES:**

16.    In response to paragraph 16 of the Complaint, paragraph 16 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 16.

17.    In response to paragraph 17 of the Complaint, paragraph 17 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 17.

/ / /

/ / /

18.    In response to paragraph 18 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

19.    In response to paragraph 19 of the Complaint, paragraph 19 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 19.

**FIRST CLAIM (Fair Housing Act):**

20.    In response to paragraph 20 of the Complaint, Defendants re-allege and incorporate their responses to paragraphs 1 through 19 of this Answer as though completely set forth herein.

21.    In response to paragraph 21 of the Complaint, including subpara-graphs A through D, Defendants state that the provisions of the Fair Housing Act, 42 U.S.C. §§ 3604(a), (b), and (c), and 3617, speak for themselves.  The remaining allegations contained in paragraph 21 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every other allegation contained in paragraph 21.

**SECOND CLAIM (California Fair Employment and Housing Act):**

22.    In response to paragraph 22 of the Complaint, Defendants re-allege and incorporate their responses to paragraphs 1 through 21 of this Answer as though completely set forth herein.

23.    In response to paragraph 23 of the Complaint, including subpara-graphs A through F, Defendants state that the provisions of the California Fair Employment and Housing Act, California *Government Code* §§ 12955(a), (c), (d), (f), and (k), and 12955.7, speak for themselves.  The remaining allegations contained in paragraph 23 of the Complaint contain legal conclusions and legal

arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every other allegation contained in paragraph 23.

**THIRD CLAIM (California Unruh Civil Rights Act):**

24.     In response to paragraph 24 of the Complaint, Defendants re-allege and incorporate their responses to paragraphs 1 through 23 of this Answer as though completely set forth herein.

25.     In response to paragraph 25 of the Complaint, Defendants state that the provisions of the California Unruh Civil Rights Act, California *Civil Code* § 51, *et seq.*, speak for themselves.  The remaining allegations contained in paragraph 25 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every other allegation contained in paragraph 25.

26.     In response to paragraph 26 of the Complaint, Defendants state that the provisions of the California Unruh Civil Rights Act speak for themselves.  The remaining allegations contained in paragraph 26 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every other allegation contained in paragraph 26.

**FOURTH CLAIM (Negligence):**

27.     In response to paragraph 27 of the Complaint, Defendants re-allege and incorporate their responses to paragraphs 1 through 26 of this Answer as though completely set forth herein.

28.     In response to paragraph 28 of the Complaint, paragraph 28, including subparagraphs A through F, contain legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that

/ / /

any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 28.

29.    In response to paragraph 29 of the Complaint, paragraph 29 contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every allegation contained in paragraph 29.

**FIFTH CLAIM (Unfair Business Practices):**

30.    In response to paragraph 30 of the Complaint, Defendants re-allege and incorporate their responses to paragraphs 1 through 29 of this Answer as though completely set forth herein.

31.    In response to paragraph 31 of the Complaint, Defendants state that the provisions of California *Business & Professions Code* § 17200, *et seq.*, speak for themselves.  The remaining allegations contained in paragraph 31 of the Complaint contain legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent that any response is deemed necessary, Defendants deny each and every other allegation contained in paragraph 31.

## AFFIRMATIVE DEFENSES AS TO ALL CLAIMS FOR RELIEF
### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

1.    The Complaint and every purported claim for relief therein, fails to set forth facts sufficient to state a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE
**(Lack of Standing)**

2.    Plaintiffs lack standing to pursue their alleged claims under any federal law and under any state laws predicated upon any alleged violations.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.     Plaintiffs' claims are barred under the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

4.     Although Defendants deny Plaintiffs have been damaged in any way, if it is determined Plaintiffs have been damaged, then Defendants allege upon information and belief that the proximate cause of such damages was the conduct of Plaintiffs, or others for which Defendants were not and are not responsible.

## FIFTH AFFIRMATIVE DEFENSE

### (No Basis for Damages)

5.     Defendants are informed and believe and based thereon allege that Plaintiffs have not suffered any damage as a result of any actions taken by Defendants, and Plaintiffs are thereby barred from asserting any claims against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

6.     Plaintiffs' claims are barred because Plaintiffs failed to provide any notice to Defendants regarding any alleged violations prior to filing this lawsuit.

## SEVENTH AFFIRMATIVE DEFENSE

### (Defendants' Good Faith)

7.     Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts, law and circumstances known to them at the time.  Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

/ / /

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8.  Although Defendants deny Plaintiffs have been damaged in any way, if it is determined Plaintiffs have been damaged, then Defendants allege upon information and belief that Plaintiffs have failed to mitigate their purported damages and further allege, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.  Plaintiffs are estopped from asserting and/or recovering on any claims against Defendants by reason of Plaintiffs' own acts, omissions, and conduct, including Plaintiffs' violation(s) of the terms of the Lease Agreement.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.  Plaintiffs are barred by the equitable doctrine of waiver from asserting any claim against Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Laws)

11.  Defendants' good faith compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes their liability to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Undue Burden)

12.  The Complaint, and each purported claim for relief alleged in the Complaint, is barred because granting relief sought by Plaintiffs would result in an undue burden on Defendants.

/ / /

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

13.    Defendants allege that all acts, purported omissions, representations and/or other conduct of Defendants as alleged in the Complaint, were done fairly, in good faith, with an absence of malice, for a lawful purpose, and with reasonable grounds for believing that Defendants acted in compliance with federal and state law or other applicable rules and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Barred from Recovery Under California *B&P Code* § 17200)

14.    Defendants are informed and believe and based thereon allege that Plaintiffs' purported claim for relief under California *Business & Professions Code* §17200, *et seq.*, is barred because the remedy for such actions is limited to restitution and injunctive relief, and the relief sought by Plaintiffs constitutes damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Damages Too Speculative)

15.    Defendants are informed and believe and based thereon allege that Plaintiffs' claims for damages, are barred to the extent that they are speculative in nature and/or not allowed under California *Business & Professions Code* § 17200, *et seq*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

16.    The Complaint fails to state facts sufficient to constitute a cause of action against Defendants upon which an award of punitive damages could be based.

/ / /

/ / /

/ / /

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

17.    All or a portion of the Complaint is barred by the applicable statutes of limitation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

18.    Plaintiffs are barred from claiming any injury or damage because Plaintiffs have failed to exhaust their administrative remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Conduct Privileged)

19.    Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct was justified and/or privileged.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiffs)

20.    Defendants are informed and believe and based thereon allege that Plaintiffs' damages, if any, are due in whole or in part to the proximate, contributory and comparative fault of Plaintiffs, and that any liability of these answering Defendants, which liability is specifically denied, should be reduced and/or barred in proportion to said fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Breach of Lease)

21.    Defendants are informed and believe and based thereon allege that Plaintiffs' have breached the lease.  Plaintiffs failed to comply with their obligations under the rental agreement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Privilege)

22.    Defendants are informed and believe and based thereon allege that Defendants were privileged to protect their interest in the premises.  Plaintiffs are

barred from recovery herein by reason of the fact that Plaintiffs failed to perform conditions of the lease which were to be performed on Plaintiffs' part, and that Plaintiffs are in material breach of the lease.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Privilege, *Civil Code* § 47)

23.    Defendants are informed and believe and based thereon allege that the acts, communications and conduct by Defendants of which Plaintiffs complain, if they occurred (which shall not constitute an admission), were privileged by virtue of *Civil Code* § 47.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reserved Defenses)

24.    Defendants allege they cannot fully anticipate all affirmative defenses that may be applicable to this action and presently have insufficient knowledge or information on which to form a belief as to whether they may have further, as yet unstated affirmative defenses available.  Accordingly, Defendants expressly reserve the right to assert further defenses if, and to the extent, such affirmative defenses become known.

## PRAYER FOR RELIEF

WHEREFORE, Defendants LAGOON ASSOCIATES, LLC, and COASTLINE REAL ESTATE ADVISORS, INC., pray for judgment as follows:

1.    That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants;

2.    That Plaintiffs take nothing by way of their Complaint;

/ / /

/ / /

/ / /

/ / /

/ / /

3.    That Defendants be awarded costs of suit incurred in defense of this

action, including their reasonable attorney's fees; and

4.    For such other and further relief as the Court deems just and proper.

Dated: September 14, 2015                    STEVEN M. GARBER & ASSOCIATES
                                            A PROFESSIONAL CORPORATION


                                            By: */s/ Steven M. Garber*
                                            STEVEN M. GARBER
                                            Attorneys for Defendants,
                                            LAGOON ASSOCIATES, LLC and
                                            COASTLINE REAL ESTATE
                                            ADVISORS, INC.

13